UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JANICE VITALE,

                      Plaintiff,

vs.                                                       DECISION AND ORDER

                                                                 Case No. 12-CV-6694FPG

GST BOCES,

                      Defendant.

---

## I.    INTRODUCTION

Pursuant to 28 USC § 636(a), (c) and Local Rule § 72(a), Plaintiff Janice Vitale ("Plaintiff"), initially, filed a Motion Requesting Review of the Magistrate Judge's Order Dated March 7, 2014 ("Motion for Reconsideration"), arguing for reconsideration of the order issued by Magistrate Judge Jonathan W. Feldman which granted in part and denied in part Plaintiff's Motion to Compel ("Motion to Compel") (ECF Nos. 18, 19), which sought disclosure of various documents included in Plaintiff's First Set of Requests for Production of Documents ("Request to Produce"), on the grounds that (1) Magistrate Judge Feldman's ruling from the bench was inconsistent with the written order filed on that same date[1]; and (2) because the Magistrate Judge recognizes the relevance of disclosure of records related to Plaintiff's supervisors and other decision makers, the exclusion of records pertaining to Superintendent Horst Graefe

---

[1] Magistrate Judge Feldman, pursuant to agreement of counsel, issued a Revised Order (ECF No. 30) removing any inconsistency in the previous Order regarding the production of documents pertaining to Cindy Drake, in apparent satisfaction of Plaintiff's concerns, thereby, rendering moot the request for reconsideration as it relates to Ms. Drake. Def.'s Mem. 2 (ECF No. 32); Pl.'s Reply (ECF No. 33).

("Superintendent Graefe") and Supervisor Scott Miller ("Supervisor Miller"), is clearly erroneous. ECF No. 28.

Thereafter, Defendant GST BOCES ("GST BOCES") responded and filed its Memorandum of Law in Opposition to Plaintiff's Motion ("Def.'s Mem.") (ECF No. 32), arguing that affirmance of the Order is warranted, and Plaintiff filed its Reply to Defendant's Motion in Opposition to the Magistrate Judge's Order Granting in Part and Denying in Part Motion to Compel Dated March 7, 2014 ("Pl.'s Reply") (ECF No. 33) in opposition to affirming the Magistrate Judge's Order.

For the reasons set forth below, the Plaintiff's Motion for Reconsideration is denied in its entirety.

## II. BACKGROUND

Plaintiff commenced this action against GST BOCES, alleging that she was subjected to disparate treatment during her employment with GST BOCES as a school social worker, denied accommodations for her alleged disability, denied her rights to leave under the Family and Medical Leave Act ("FMLA") and retaliated against for invoking her rights under that statute, and ultimately discharged in June 2012 due to her disability (Meniere's Disease) in violation of the Americans with Disabilities Act ("ADA"). ECF No. 1. The Complaint also set forth claims for unpaid wages under the Fair Labor Standards Act ("FLSA"); negligent retention based on Defendant's employment of two supervisors who allegedly discriminated against her; and illegal discrimination under New York State Human Rights Law ("NYSHRL"). *Id.*

Thereafter, Plaintiff filed a Motion to Compel. ECF No. 18. After full briefing of the issues by the parties, the Magistrate Judge held oral argument and ruled on the various requests for production of documents. ECF No. 25. While the Magistrate Judge ordered Defendant to

2

produce documents contained in the personnel files of certain current and former employees of GST BOCES who were decision makers or supervisors of Plaintiff, he denied specific requests pertaining to non-parties Superintendent Graefe and Supervisor Scott Miller, citing *Dzanis v. JPMorgan Chase & Co.*, 10 Civ. 3384 (BSJ) (JLC), 2011 U.S. Dist. LEXIS 137356 (S.D.N.Y. November 30, 2011) (subject to a protective order, personnel files of decision-makers and persons with supervisory authority over a plaintiff alleged to have participated in the discriminatory conduct at issue are discoverable, including complaints of discrimination or retaliation, or disciplinary actions).

The Magistrate Judge issued the complained of Order on the same date (ECF No. 25) and, later, a revised Order upon the parties' agreement.[2] (ECF No. 30). Subsequently, this motion for reconsideration setting forth Plaintiff's objections to the Order, insofar as it denied Plaintiff's requests to disclose the personnel files of Superintendent Graefe and Supervisor Scott Miller, was filed. ECF No. 28.

### III. STANDARD OF REVIEW

The standard of review for motions for reconsideration of an order issued by a magistrate judge in a non-dispositive matter is set forth in Federal Rule of Civil Procedure 72(a). By its terms, a district judge must consider timely objections to a magistrate judge's written order and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *Jean-Laurent v. Wilkerson*, 461 Fed. App'x 18, 25 (2d Cir. 2012) ("A district court evaluating a Magistrate Judge's order with respect to a matter not dispositive of a claim or defense may adopt the Magistrate Judge's findings and conclusions as long as the factual and legal bases supporting the ruling are not *clearly erroneous or contrary to law*."). "A finding is

---

[2] See footnote one herein above.

3

'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum, Co.*, 333 U.S. 364, 395 (1948). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Duck v. Port Jefferson Sch. Dist.*, 07CV2224 (ADS) (WDW), 2008 U.S. Dist. LEXIS 39695, at *5 (E.D.N.Y. May 14, 2008) (citation omitted).

A party is entitled to discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1).

## IV. DISCUSSION

I have reviewed an attachment to Plaintiff's Reply submission (ECF No. 33), Exhibit 3, consisting of the transcript of the oral arguments held in this case ("Oral Arg. Tr."), which reflects that after duly considering the parties' stated positions and supportive documentation, relevant case law, and other pertinent information, in addition to reviewing relevant portions of the record, the Magistrate Judge rendered his thoughtful conclusions that Plaintiff's requested disclosure of the personnel files of Superintendent Graefe[3] and Supervisor Miller[4] should be denied.

Prior to rendering his determinations, the Magistrate Judge considered Plaintiff's arguments in favor of disclosure of Superintendent Graefe's personnel file, that: Superintendent Graefe was the Director of Human Resources earlier on in Plaintiff's employment; he testified at his deposition to being aware that Plaintiff had vertigo and that some further inquiry into the depth

---

[3] By Request No. 9, Plaintiff sought production of the complete file of Superintendent Graefe. ECF No. 18-1.

[4] By Request Nos. 18 and 19, Plaintiff sought production of the complete file of former GST employee Scott Miller and any document relating to his separation from GST BOCES. ECF No. 18-1.

of it and reasonable accommodation were appropriate; he had a role as a Human Resource Manager; that in 2011,[5] but prior to the decision not to grant Plaintiff tenure, Graefe was promoted to Superintendent and was the final decision maker, whose recommendation the Board has never not followed; and finally, should Plaintiff prevail, then, Superintendent Graefe's competence would be an issue at the damages stage where the questions concern willfulness. Oral Arg. Tr. 15, 25, 26, 27. The Magistrate Judge also considered Defendant's articulated position that Superintendent Graefe was not directly involved in Plaintiff's case, although he makes the final recommendation to the Board in employment situations; and years ago, Plaintiff had not had any performance concerns. Oral Arg. Tr. 24, 25, 26. On balance, the Magistrate Judge found the personnel file of Superintendent Graefe to be irrelevant to the claims raised by Plaintiff. Oral Arg. Tr. 27.

Regarding Supervisor Miller, Plaintiff argued that his personnel file was relevant based on the following: although he could not be located to obtain his deposition[6] and never signed any of Plaintiff's performance evaluations, Supervisor Miller was a Licensed Clinical Social Worker responsible for overseeing the Social Workers in their technical roles and he met with Plaintiff weekly; Supervisor Miller was involved in advocating for children in conjunction with exposing Kim Dowd, and his later firing, Plaintiff believed, was part of the District's general pattern and practice of retaliation against employees, including Plaintiff, for exposing issues in the District; additionally, Plaintiff believed, the District under Superintendent Graefe and Attorney Johnson intimidated and retaliated against people who sought to expose issues in the District. Oral Arg. Tr. 46-47, 49-50. Arguing against disclosure of Supervisor Miller's personnel file, Defendant

---

[5] Graefe became Superintendent of GST BOCES in 2010, according to his deposition testimony. Pl.'s Reply, Ex. 1 (ECF No. 33).
[6] Plaintiff asserted that the request was made for document disclosure pertaining to Miller due to the costs associated with locating him and bringing him back from out of state. Oral Arg. Tr. 47.

asserted that: Supervisor Miller was not Plaintiff's direct supervisor, but was a Social Worker at the same level as Plaintiff, with different duties, *i.e.* in charge of Medicare or Medicaid reimbursement; and he voluntarily resigned in 2013, a year subsequent to Plaintiff's termination, for reasons unconnected to Plaintiff, or to his involvement in raising issues about Ms. Dowd's previous interaction with students in the District. Oral Arg. Tr. 45, 46, 48, 50. The Magistrate Judge found the lack of evidence of animus toward Plaintiff merited non-disclosure of Supervisor Miller's personnel file. Oral Arg. Tr. 50.

After reviewing and considering all matters submitted, including, Plaintiff's Motion to Compel and supporting documentation (ECF No. 18), Defendant's Memorandum in Opposition to the Motion to Compel (ECF No. 22), Plaintiff's Reply Memorandum to Defendant's Memorandum in Opposition (ECF No. 24), the portion of Plaintiff's deposition, attached as Ex. 2 to Defendant's Mem. (ECF No. 32), and the deposition of Superintendent Graefe, attached as Ex. 1 to Plaintiff's Reply (ECF No. 33), I find no reason to alter or modify any of the findings or conclusions of the Magistrate Judge regarding non-disclosure of the personnel files of Superintendent Graefe and Supervisor Miller. The Order of the Magistrate Judge, insofar as it denied discovery of their personnel files, represents findings which are not clearly erroneous, and moreover, his findings comport with the relevant law. I agree with the Magistrate Judge that the requested discovery was inappropriate where evidence was lacking that Superintendent Graefe and Supervisor Miller were individuals "engaged in the discrimination at issue, or played a significant role in the decision or incident giving rise to the lawsuit." *Dzanis v. JPMorgan Chase & Co.*, 10 Civ. 3384 (BSJ) (JLC), 2011 U.S. Dist. LEXIS 137356, at *11 (S.D.N.Y. November 30, 2011). Nor does the denial of this discovery create any inconsistency with the court-ordered production of "all written claims of allegations of employment discrimination against the

defendant for the period of January 1, 2008 to June 30, 2012," since Defendant must produce such documentation, if any, as it pertains to Superintendent Graefe and/or Supervisor Miller.

## V.    CONCLUSION

Accordingly, the Plaintiff's Motion for Reconsideration of Magistrate Judge Jonathan W. Feldman's Order dated March 7, 2014, which granted in part and denied in part Plaintiff's Motion to Compel ("Motion to Compel") (ECF Nos. 18, 19), (ECF No. 28) is hereby denied. The Order is hereby affirmed.

**IT IS SO ORDERED.**

Dated: July 9, 2014
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge